IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR CHARLES THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-205 |
| ) | CRIMINAL NO. 07-227 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

**I.    Introduction**

Pending before the court are identical motions for early termination of supervised release filed pro se by defendant Lamar Charles Thomas ("Thomas") at both of his criminal cases (Crim. No. 05-205, ECF No. 703; Crim. No. 07-227, ECF No. 97), with 21 letters of support. Thomas argues that his terms of supervised release should be terminated because he remained drug-free, obtained a good job, completed educational and vocational training, maintained close family and community ties, volunteered as a youth sports coach and complied with all conditions of supervised release. The government filed a response in opposition to the motions, contending that early termination of Thomas' terms of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). Thomas' motions for early termination of supervised release are fully briefed and ripe to be decided by the court.

II.     **Procedural History**

On September 16, 2009, Thomas pleaded guilty in this court to Counts 1 through 6 of the Superseding Indictment at Criminal Action No. 05-205 ("Superseding Indictment") and to Count 1 of the Indictment at Criminal Action No. 07-227 ("Indictment"). These charges included four drug crimes, pursuant to 21 U.S.C. §§ 841 and 846 (Superseding Indictment Counts 1-4), one charge for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c) (Superseding Indictment Count 5), one charge for unlawful possession of a machine gun, pursuant to 18 U.S.C. § 922 (Superseding Indictment Count 6), and one charge for receipt of a firearm while under indictment (Crim. No. 07-227, Indictment Count 1).

The probation office prepared a preplea presentence investigation report ("PSI"), which calculated Thomas' guidelines based on Counts 1 and 5 of the Superseding Indictment.  The probation office determined in the PSI that the offense level for Count 1 was 34 and Thomas was in criminal history category I. Thomas' advisory guideline range of imprisonment for Count 1 was 151 to 188 months in prison.  By statute, Thomas' conviction for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c) (Superseding Indictment Count 5), required a mandatory minimum consecutive prison term of 60 months (or 5 years). The total advisory range, therefore, became 211 to 248 months in prison.

In imposing sentence, the court varied downwards in the prison term to the statutory mandatory minimum.  By statute, the offense at Count 1 of the Superseding Indictment required a term of imprisonment of at least 10 years (or 120 months).  The court sentenced Thomas to 120 months' imprisonment at each of Counts 1 through 4 and 6 of the Superseding Indictment and to 60 months' imprisonment at Count 1 of the Indictment, all those sentences to be concurrently served.  As required by statute, Thomas was sentenced to 60 months' imprisonment at Count 5 of

the Superseding Indictment, to be served consecutively to the other terms of imprisonment imposed, for a total term of imprisonment of 180 months (or 15 years).  In May 2019, Thomas' prison sentence was reduced to 172 months under the First Step Act (ECF No. 681).

At Count 1 of the Superseding Indictment, there was a mandatory minimum of 5 years of supervised release and a maximum term of life.  The total advisory guideline range for supervised release was 5 years.  In imposing sentence, the court varied upwards with respect to the term of supervised release.  At Crim. No. 05-205, the court imposed a term of supervised release of 84 months (or 7 years) at each of Counts 1 through 3, and 36 months at each of Counts 4 through 6, to be served concurrently with each other and to be served concurrently with the 36-month term of supervised release imposed at Criminal No. 07-227.  Thomas was released from prison and began serving his term of supervised release in May 2019.  Thomas has completed about half of his term of supervision.

"Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release."  United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).  The court accepts Thomas' representations with respect to his compliance with the conditions of release, employment and volunteer activities.  The court reviewed and appreciates the numerous letters of recommendation and support submitted by his friends and family.  The government provided no contrary evidence with respect to Thomas' compliance with the conditions of his supervised release.

**III.    Discussion**

    **A.  Applicable Law**

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

---

[1]    Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

4

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52-53. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. The court has considered the statutory factors in this case and will also address the most relevant factors below.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances ***must*** be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Thomas' terms of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Thomas committed numerous and very serious drug and firearm offenses which posed a significant danger to the community. As the government correctly pointed out in its response, Thomas committed a home invasion/robbery with a loaded handgun just 16 days after being released on bond at Crim. No. 05-205, which led to the conviction at Crim. No. 07-227. (*See* Complaint, Crim. No. 07-227, ECF No. 1-1 at 4). In imposing the original sentence, the court granted a significant downward variance in Thomas' term of imprisonment, but offset that reduction by imposing a longer total term of supervised release to protect the public from further crimes by Thomas.

The court is encouraged by the excellent report about Thomas's conduct while on supervision. He is to be commended for remaining gainfully employed, drug-free, volunteering with youth sports, and complying with the conditions of release. The court encourages Thomas to remain on this law-abiding path.

Based upon the information presented to this court, Thomas has led a law-abiding life since his release from imprisonment. The serious nature of his crimes and his criminal history, however, weigh against the early termination of his supervised release. As the government

points out, the fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

Thomas already received the benefit of a significant reduction in his term of imprisonment. A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant, especially in light of Thomas's criminal history involving multiple felony drug and firearm convictions. Under those circumstances, early termination of Thomas's supervision is not warranted.

> 3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

The original advisory guideline range for imprisonment, as determined in the PSI, was 211-248 months. The longest advisory guideline range for a term of supervised release was 5 years, with a presumption that the terms of supervised release at each of Thomas' 7 counts of conviction would run concurrent. At sentencing, the court varied downwards from the guideline range of imprisonment, but believed that an upward variance to a total term of supervised release of 84 months (or 7 years) was appropriate. There is no evidence that this factor warrants early termination of supervised release.

> 4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

The parties did not discuss any pertinent policy statements.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

7

There is no evidence that Thomas's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, particularly in light of the significant benefits he has already received. Because the statutory mandatory minimum is 5 years of supervised release at Count 1 of the superseding indictment, granting Thomas' motion may create an unwarranted disparity.

  **6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).***

This factor is not applicable.

  **C. Whether early termination is warranted and in the interest of justice**

In support of his motion, Thomas asserts that he abided by all conditions of supervised release. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Thomas did not articulate any particular hardship that he experiences due to the terms of his supervision. If there is a particular adverse impact, Thomas should explore with his probation officer whether his conditions can be modified to address his concern. Thomas' conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis,

especially the serious nature of his crimes, and the need to deter criminal conduct, the interests of justice are best served by him completing more than half his term of supervised release.

### IV.     Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release.

An appropriate order follows.

Dated: November 16, 2022                                    BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge